A10A1757, A10A1759. ELECTRIC WORKS CMA, INC.
v. BALDWIN TECHNICAL FABRICS, LLC (two cases).
(703 SE2d 124)

JOHNSON, Judge.

Electric Works CMA, Inc. filed a verified complaint against Baldwin Technical Fabrics, LLC, seeking payment of $84,277.43 on a commercial account, as well as interest and attorney fees. Baldwin filed a counterclaim, seeking, among other things, punitive damages

---

in an amount not exceeding $250,000. Following a jury trial, the jury found that Baldwin owed $82,777.43 to Electric Works on the commercial account.

In entering judgment, the trial court refused to award interest or attorney fees to Electric Works; and Electric Works appeals that order in Case No. A10A1757. After Baldwin filed a cross-appeal of the trial court's denial of its motion for a directed verdict, Electric Works filed a motion to require Baldwin to post a supersedeas bond pursuant to OCGA § 5-6-46 (a).[1] The trial court denied the motion for a supersedeas bond, and Electric Works appeals the trial court's order in Case No. A10A1759. For the reasons provided below, we reverse and remand in Case No. A10A1757, and we dismiss Case No. A10A1759 as moot.

On appeal following a jury trial, the evidence must be construed to uphold the verdict of the jury, and "[e]very presumption and inference arising from the evidence must be considered in favor of the verdict."[2] So viewed, the evidence shows that Electric Works was a contractor that provided electrical services and materials to Baldwin during 2006. In connection therewith, Electric Works provided Baldwin with invoices in the amounts of $70,899.90 on September 5, 2006, $4,927.53 on October 22, 2006, and $8,450 on November 16, 2006. Electric Works informed Baldwin that it intended to charge interest at a rate of 1.5 percent per month on invoices that remained unpaid after 30 days. In addition, Electric Works notified Baldwin that if it was required to commence litigation in order to recover the amount due, it would seek attorney fees and costs under the Georgia Prompt Pay Act.[3] Nevertheless, Baldwin refused to make payment under any of the invoices.

On August 10, 2007, Electric Works filed suit against Baldwin. Electric Works claimed that Baldwin owed it $84,277.43 under the three unpaid invoices, interest in the amount of 1.5 percent per month as provided in the invoices and pursuant to OCGA § 7-4-16, and attorney fees and costs pursuant to the Prompt Pay Act. Baldwin filed a counterclaim, but it later withdrew or dismissed each of the claims raised therein.

At trial, Electric Works argued that the jury could subtract $1,500 from the $84,277.43 due under the invoices in order to

---

[1] Baldwin's cross-appeal was dismissed by this Court on June 7, 2010. See Case No. A10A1758. We note that Baldwin's appellee brief for Case No. A10A1757 includes "enumerations of error" related to the trial court's denial of its motion for a directed verdict. Inclusion of enumerations of error in an appellee brief does not comply with Court of Appeals Rule 25 (b), but we deny Electric Works' motion to "strike or dismiss" Baldwin's appellee brief.

[2] (Citation omitted.) *Kroger Co. v. U. S. Foodservice of Atlanta*, 270 Ga. App. 525 (607 SE2d 177) (2004).

[3] OCGA § 13-11-1 et seq.

provide Baldwin with a credit "that [Baldwin] think[s] they're entitled to." The reduction resulted in a total amount of $82,777.43, and Electric Works informed the jury that "[t]hat's the amount that [it should] put in the jury verdict form that the plaintiff is entitled to." As requested by Electric Works, the jury returned with a plaintiff's verdict of $82,777.43. In entering judgment, however, the trial court refused to provide Electric Works with interest pursuant to OCGA § 7-4-16 or attorney fees pursuant to the Prompt Pay Act.

### Case No. A10A1757

1. Electric Works claims the trial court erred in refusing to award interest pursuant to OCGA § 7-4-16. That statute provides:

> . . . The owner of a commercial account may charge interest on that portion of a commercial account which has been due and payable for 30 days or more at a rate not in excess of 1½ percent per month calculated on the amount owed from the date upon which it became due and payable until paid. . . .

Because a commercial account is by definition a liquidated claim, OCGA § 7-4-16 is applicable only in cases in which the owner of the account has made a liquidated demand.[4]

Here, Baldwin alleges that the amount due under the invoices did not represent a liquidated claim because Electric Works suggested that the jury offset the amount due under the invoices by $1,500. However,

> we have repeatedly held that a commercial account at issue is liquidated (and therefore subject to pre-judgment interest) even though the defendant has unsuccessfully contested the amount due . . . [and e]ven though the ultimate amount awarded is less than that requested, or the amount is offset by a counterclaim amount.[5]

Electric Works presented evidence that Baldwin owed the specific debt of $84,277.43 and failed to pay that amount after its demand. The fact that the jury did not ultimately award the entire amount of Electric Works' original claim did not make the damages unliquidated, and "[w]e therefore hold that the amount of the unpaid

---

[4] *Kroger*, supra at 531-532 (4).

[5] *Hampshire Homes v. Espinosa Constr. Svcs.*, 288 Ga. App. 718, 723 (2) (b) (655 SE2d 316) (2007).

balance as determined by the jury was a due and payable liquidated debt on a commercial account, subject to prejudgment interest under OCGA § 7-4-16."[6]

2. Electric Works also claims that the trial court erred in refusing to award it attorney fees pursuant to the Georgia Prompt Pay Act, which generally provides that "[p]erformance by a contractor . . . in accordance with the provisions of his or her contract and the satisfaction of the conditions of his or her contract precedent to payment entitles such person to payment from the party with whom he or she contracts."[7] Given that Baldwin had an interest in the real property where Electric Works performed the improvements and that Baldwin ordered the improvements to be made, Electric Works was a "contractor" entitled to enforce its claim under the Prompt Pay Act.[8]

OCGA § 13-11-8 provides that

[i]n any action to enforce a claim under this chapter, the prevailing party is entitled to recover a reasonable fee for the services of its attorney including but not limited to trial and appeal and arbitration, in an amount to be determined by the court or the arbitrators, as the case may be.

Here, the trial court apparently concluded that Electric Works was not entitled to attorney fees pursuant to OCGA § 13-11-8 because it had not produced "any evidence of bad faith." However, we have already acknowledged that entitlement to attorney fees under the Prompt Pay Act does not require a showing of bad faith.[9] We therefore direct the trial court, on remand, to enter judgment that includes prejudgment interest (as set forth in Division 1), as well as attorney fees and post-judgment interest pursuant to the Prompt Pay Act.[10]

### Case No. A10A1759

Electric Works also appeals from the trial court's order denying its motion to require Baldwin to post a supersedeas bond pursuant to OCGA § 5-6-46. That statute provides that after a party files a notice of appeal in a civil case, "upon motion by the appellee, made in the trial court before or after the appeal is docketed in the

---

[6] *Kroger*, supra at 532 (4).

[7] OCGA § 13-11-3.

[8] OCGA § 13-11-2 (1), (4).

[9] *Hampshire*, supra at 724; compare OCGA § 13-6-11.

[10] Id.; *Kroger*, supra at 532 (4).

appellate court, the trial court *shall* require that supersedeas bond or other form of security be given. . . ."[11]

We have previously confirmed that a trial court has no discretion under OCGA § 5-6-46 to refuse to require a supersedeas bond posted for the benefit of an appellee who seeks security for a money judgment.[12] Here, however, we have already dismissed Baldwin's cross-appeal, and a remittitur in that case was issued on June 23, 2010. As a result, the trial court's refusal to require a supersedeas bond pursuant to OCGA § 5-6-46 is moot,[13] and we grant Baldwin's motion to dismiss Case No. A10A1759.

*Judgment reversed and case remanded with direction in Case No. A10A1757. Case No. A10A1759 dismissed as moot. Miller, C. J., and Phipps, P. J., concur.*

DECIDED NOVEMBER 3, 2010.

*Brian J. Passante*, for appellant.
*Martin L. Fierman*, for appellee.

---

[11] (Emphasis supplied.) OCGA § 5-6-46 (a).
[12] *Barngrover v. Hins*, 289 Ga. App. 410, 414 (3) (657 SE2d 14) (2008).
[13] See id.
[1] *In the Interest of A. A.*, 293 Ga. App. 471, 476 (4) (667 SE2d 641) (2008).